UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

RONALD BATTISTELLA,  No. 12-54106

               Debtor(s).
_____/

TRACY HOPE DAVIS, U.S. Trustee,

               Plaintiff(s),

    v.  A.P. No. 13-5137

RONALD BATTISTELLA,

               Defendant(s).
_____/

Memorandum After Trial
_____

I. Background

Debtor Ronald Battistella is 63 years old. He has been in the car business all his life. He has at times been very successful and at times faced financial difficulty. He always managed to survive until he lost his new car dealership as a result of the General Motors bankruptcy. His history since then has been one of downward spiral to his Chapter 7 bankruptcy filing in 2012.

In this adversary proceeding, the U.S. Trustee seeks to deny Battistella's discharge. She

1

alleges that Battistella's bankruptcy schedules were false because they failed to list a large debt to his former spouse. She also alleges that he failed to keep or preserve his business records and failed to explain satisfactorily a loss of assets before bankruptcy.

Battistella was forced back into the used car business after the loss of his General Motors franchise. He purchased a corporation known as Stevens Creek Ventures, doing business as Thrifty Auto Sales, selling vehicles acquired from a car rental company. He also continued to own a separate corporation, Auto Source Financial doing business as Stevens Creek Auto Mall, which did a smaller business in used cars and consigned cars. Battistella was the sole owner of both corporations, and did not formally treat them as separate entities. His personal expenses were paid by the corporations. Checks made payable to one corporation were sometimes deposited into the bank account of the other.

Having lost his bank financing with the loss of his new car dealership and desperately trying to stay in business, Battistella turned to private parties as a source of financing, raising over a million dollars by promising high rates of interest and eventually running afoul of state securities laws. After bankruptcy, he served a term in state prison which is why this matter is only now coming to trial four years after the bankruptcy filing and three years after this adversary proceeding was commenced.

At some time within a year or so before his bankruptcy filing, Battistella's financial records got "fuzzy." Concentrating on trying to keep his businesses afloat, he failed to pay the bookkeeping software firm which provided him with records and kept track of his sales. His businesses and records were thrown into complete disarray when the State of California seized his bank accounts. To keep the state from seizing more, Battistella began running business checks through his personal account and pulling out cashier's checks to pay business expenses.[1]

By the time Battistella finally threw in the towel and filed his bankruptcy petition, his financial

---

[1] It would seem that this conduct, which Battistella readily admits, would be grounds for denial of discharge as concealment of property with the intent to thwart a creditor pursuant to § 727(a)(2)(A) of the Bankruptcy Code. See *In re Adeeb,* 787 F.2d 1339,1343 (9th Cir.1986); *In re Schafer,* 294 B.R. 126, 131 (N.D.Cal. 2003). However, the U.S. Trustee does not make this argument so the court will not address it further.

2

records were scattered and in complete disarray. Much of the records were lost when the software firm was not paid. Others were placed in storage and lost when the storage company was not paid. Still others were allegedly seized by the State Board of Equalization. The end result, four years later, is that Battistella is completely unable to produce records which might tell his creditors and the U.S. Trustee about his business transactions and document his losses. All he has produced are some bank statements, which show deposits and withdrawals but little else.

II.. Failure to Schedule Claim of Former Spouse

The U.S. Trustee argues that Battistella's discharge should be denied because he did not schedule his former wife as a creditor even though she had a large claim. However, § 727(a)(4)(A) of the Bankruptcy Code only makes false statements in schedules grounds for denial of discharge when done knowingly and fraudulently. There is no evidence that failure to schedule the claim was anything more than oversight. Battistella made no effort to hide the claim from anyone, and freely acknowledged her claim at his examination in 2013. There is no suggestion of any benefit or advantage Battistella could have gained by omitting the claim. Accordingly, the court declines to find the omission from the schedules knowing or fraudulent.

III. Failure to Explain Loss of Assets

Section 727(a)(5) of the Bankruptcy Code bars a discharge to any debtor who has failed to explain satisfactorily any loss of assets or deficiency of assets to meet debtor's liabilities. The U.S. Trustee argues that Battistella cannot satisfactorily explain the loss of $1.6 million he received from investors. The court finds no merit to this argument. It does not take much of a leap of faith to believe a car dealer who testifies that he sustained large losses while trying to keep his business afloat at the height of the Great Recession. After considering Battistella's testimony and observing his demeanor, the court does not believe that he has anything, let alone $1.6 million, stuffed in a mattress somewhere.

3

## IV. Failure to Keep and Preserve Books and Records

Even though the court does not believe that Battistella has secreted away the funds of his investors, it is possible that he did so. Battistella cannot show otherwise because in his futile attempt to stay in business he acted with increasing disregard for the business records which could have documented his losses. Section 727(a)(3) bars a discharge to a debtor who has failed to keep or preserve books, records or papers from which his financial condition or business transactions might be ascertained, unless such failure was justified under all of the circumstances. While Battistella's failure to preserve his financial records might be understandable, given his struggle to survive, it is not justified. Battistella cannot reasonably expect a discharge from this court after taking large amounts of money from investors and then placing himself in the position of being unable to show them, clearly and in detail, what happened to their investments. The purpose of § 727(a)(3) is precisely to remove the risk to creditors that the debtor may be withholding or concealing assets under cover of chaotic or incomplete records. *In re Caneva,* 550 F.3d 755, 761 (9th Cir. 2008).

It is no defense that the records Battistella failed to keep or preserve were those of his corporations. The statute does not limit inquiry to the debtor's individual records. Where, as here, a debtor has full control of a corporation and the records of the corporation are necessary to document the debtor's financial affairs, the failure of the debtor to ensure the preservation of corporate records requires the court to deny the discharge. *In re Spitko,* 357 B.R. 272, 308 (Bkrtcy.E.D.Pa. 2006).

## V. Conclusion

While Battistella's explanation of his losses is credible, through his own neglect he failed to keep and preserve the records which could have documented them. He finds himself in the position of having little other than his word to explain to his creditors why they were not paid. Pursuant to § 727(a)(3) of the Bankruptcy Code, his creditors are entitled to more. Being unable to document his financial affairs, Battistella is not entitled to a discharge.

For the foregoing reasons, judgment shall be entered denying Battistella's discharge. The U.S.

4

Trustee shall recover costs of suit.

      This memorandum constitutes the court's findings and conclusions pursuant to FRCP 52(a) and FRBP 7052. Counsel for the U.S. Trustee shall submit an appropriate form of judgment forthwith.

Dated: May 9, 2016

                                      Alan Jaroslovsky
                                      U.S. Bankruptcy Judge